UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                 CIVIL ACTION

VERSUS                                   NO.  05-095

DINO ALEXIS BELLAZERIUS and              SECTION "R" (1)
DESIREE M. CHARBONNET

## ORDER AND REASONS

This is an action for declaratory and injunctive relief
against Dino Alexis Bellazerius.  Before the Court are
plaintiff's motion for summary judgment and motion to strike
Bellazerius's counterclaim.  For the following reasons, the Court
GRANTS plaintiff's motions for summary judgment, and the Court
GRANTS plaintiff's motion to strike defendant's counterclaim.

## I.   BACKGROUND

### A.  Factual Background

On June 24, 1992, defendant Dino Bellazerius entered a plea
of guilty to a charge of conspiracy to manufacture

methamphetamine in the United States District Court for the District of Louisiana.  *United States v. Dino Bellazerius, et al.*, No. 91-CR-560 at R. Doc. 1.  On April 26, 1995, United States District Judge Martin L. C. Feldman sentenced Bellazerius to 262 months of imprisonment followed by 10 years of supervised release.  *Id*. at R. Doc. 169.

After the Court imposed the sentence, Bellazerius filed a series of groundless motions, including, a "Motion for Disclosure of the Character of a United States Court" and a motion for a "Writ of Error Coram Nobis."  *Id.* at R. Docs. 234, 267, and 257. Defendant's filings also included incoherent allegations against Judge Feldman.  As a result, Judge Feldman recused himself from Bellazerius's criminal case and ordered Bellazerius to stop communicating with him.  *Id.* at R. Doc. 256.  On August 5, 2002, United States District Judge Ivan Lemelle denied Bellazerius's motion for dismissal of the indictment against him, and expressed frustration with Bellazerius's frivolous and abusive filings. Judge Lemelle cautioned Bellazerius against filing further meritless motions.  *Id.* at R. Doc. 263.

Notwithstanding these developments, Bellazerius continued to send frivolous motions and pleadings to the Court.  *Id.* at R. Doc 267, 269, 271.  On January 26, 2004, Bellazerius sent a letter to Judge Feldman requesting various documents and threatening the

Judge with legal action: "And upon your failure to provide Proof of Claim, presumption will be taken that said failure, refusal and/or silence grants the Undersigned, as a matter of right, to move by agreement that a lien and/or tort can be filed against you for said damages, injury and dishonor."  *Id.* at R. Doc. 271. In a minute entry, Judge Lemelle "dismissed" the letter with prejudice as frivolous and harassing and required that any further filings from Bellazerius be reviewed by the district judge assigned to the case before they could be received into the record.  *Id.* at R. Doc. 272.  Bellazerius sent a similar letter to former Assistant United States Attorney Gaynell Williams.  (R. Doc. 15-6, Ex. C).

In March of 2004, Bellazerius sent Judge Feldman a document entitled "Notice of Fault – Opportunity to Cure."  (R. Doc. 15-7, Ex. D).  Although the document is mostly incoherent, it is clear that Bellazerius meant to challenge the validity of his criminal conviction.  *Id.*  On December 21, 2004, Bellazerius sent a document entitled "Presentment" to the Clerk of Court for the Eastern District of Louisiana.  *Id.* at Ex. E-1.  The document referred to Judge Feldman, Judge Lemelle, former Assistant U.S. Attorney Gaynell Williams, and former U.S. Marshal Theophile Duroncelet.  *Id.*  Bellazerius included in the document a copy of a Security Agreement, filed on December 13, 2004 with the

3

Recorder of Mortgages in Orleans Parish, Louisiana.  Bellazerius
listed the same four federal officials on the Certificate of
Service.  *Id.* at Ex. E-2.  Although the document's actual effect
is not clear, it purports to impose a lien or other property
obligation on the named officials.

    **B.   Procedural History**

    The United States, through the United States Attorney for
the Eastern District of Louisiana, filed this suit on its own
behalf and on behalf of United States District Judges Martin L.C.
Feldman and Ivan L.R. Lemelle, former Assistant United States
Attorney Gaynell Williams, and former United States Marshal
Theophile Duroncelet.

    The United States seeks declaratory and injunctive relief to
stop Bellazerius's "threatening, abusive, misleading,
repetitious, frivolous, retaliatory, and baseless correspondence,
communications, and filings, including purported Uniform
Commercial Code liens," against the named federal officials
involved in Bellazerius's federal criminal prosecution and
conviction.  (R. Doc. 1, ¶6).

    The United States asks the Court for a declaratory judgment
nullifying all instruments filed by Bellazerius that purport to
affect the assets of the named federal officials.  *Id.* at p. 6.

4

The United States also seeks injunctive relief restraining Bellazerius from communicating with any of the named federal officials.  *Id.* at pp. 6-7.  The complaint also requests a permanent injunction barring Bellazerius from filing and recording in any public records any document affecting any property, real or personal, belonging to or in the name of any of the named federal officials, without prior written authorization fro this Court.  *Id.* at p. 7.

In his answer to the government's complaint, Bellazerius stipulated to the facts set forth in the complaint and asserted that "there exists NO controversy."  (R. Doc. 4 at 1-2).

On May 11, 2006, the United States moved for summary judgment.  (R. Doc. 15).  On June 15, 2006, Bellazerius filed a Plea in Bar asserting that the United States is an improper plaintiff and that the Court lacks subject matter jurisdiction. (R. Doc. 18).  On the same day, Bellezerius filed a "compulsory counterclaim" against the United States, seeking ten million dollars in damages for the imposition of "involuntary servitude via malicious prosecution."  (R. Doc. 19).  On June 27, 2006, the United States moved the Court to strike defendant Bellazerius's counterclaim.

## II.   SUBJECT MATTER JURISDICTION

Title 28 U.S.C. § 1345 clearly provides that "[e]xcept as otherwise provided by Acts of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States."  28 U.S.C. § 1345; *see also U.S. v. Ekblad* 732 F.2d 562,563 (7th Cir. 1984) ("Congress had vested in the district court jurisdiction over 'any case commenced by the United States.'") (per curiam). District courts have exercised jurisdiction to grant declaratory and injunctive relief under circumstances indistinguishable from the facts of this case; these judgments have been affirmed. *See U.S. v. McKinley,* 53 F.3d 1170, 1171-72 (10th Cir. 1995); *U.S.* v. *Bey,* 149 F.3d 1185, 1185 (6th Cir. 1998).  Because this is a civil action instituted by the United States, the court has subject matter jurisdiction over the claim.

## III.   THE UNITED STATES IS A PROPER PLAINTIFF

Defendant argues that the United States is an improper plaintiff because "the Department of Justice is an executive agency located at the seat of government (District of Columbia) and must have special authorization from Congress to operate outside of that jurisdiction." (R. Doc. 18).  That contention is

without merit, as the United States Attorney is authorized to

prosecute civil actions on behalf of the United States.  *See* 28

U.S.C. § 547(2).

Defendant also contends that the United States does not

qualify as an injured party and therefore, lacks standing to

bring the case.  (R. Doc. 18).  In *U.S. v. Speight*, 2001 WL

539610 at *3 (D. Conn 2001), the court noted that it is "well

settled that the United States has standing to bring ... an

action brought by the United States to protect federal employees

from harassment."  *See also U.S. v. Poole*, 916 F.Supp. 861 (C.D.

Ill. 1996) ("the United States has standing to seek relief from

actual or threatened interference with the performance of its

proper governmental function.") (citation omitted).  This case

clearly falls within the ambit of "actual interference" with

governmental functions.   "There is no First Amendment right to

harass, intimidate, and attempt to extort federal officials," nor

is there a right to use liens with no basis in fact or law to

pursue such improper purposes.  *See U.S. v. Barker*, 19 F. Supp.

2d 1380, 1383-84 (S.D. Ga. 1998) (holding that purported liens

against federal officials were invalid and enjoining the

defendant from filing further such documents).  Here, Bellazerius

filed frivolous liens or actions purporting to create property

obligations against these federal officials in retaliation for

their involvement in his federal criminal prosecution.  The

United States has an interest in protecting its employees from

such egregious forms of retaliatory harassment arising out of

actions pertaining to their official duties.  Whenever courts

have confronted attempts by prisoners and tax protesters to

harass, intimidate or extort federal officials and employees by

filing "liens" against their property, the courts have recognized

the right of the United States to seek to invalidate them.  *See*

*Barker*, 19 F. Supp. 2d at 1383-84; *see also, e.g., McKinley,* 53

F.3d at 1171-72; *U.S. v. Reeves*, 782 F.2d 1323, 1326 (5th Cir.),

*cert. denied*, 479 U.S. 837 (1986); *Ryan v. Bilby*, 764 F.2d 1325,

1327 (9th Cir. 1985); *Ekblad* 732 F.2d at 564 (per curiam); *U.S.*

*v. MacElvain,* 858 F.Supp, 1096 (M.D. Ala. 1994), *aff'd* (11th Cir.

1995); *U.S. v. Thomas*, 819 F.Supp. 927 (D. Colo. 1993); *Saenger*

*v. Brown*, 1998 WL 184863 (D. Ore. 1998); *Peth v. Breitzmann,* 611

F.Supp. 50, 55 (E.D. Wis. 1985); *U.S. v. Shugarman,* 596 F.Supp.

186, 193 (E.D. Va. 1984); *U.S. v. Van Dyke*, 568 F.Supp. 820,822

(D. Ore. 1983).  It is therefore well settled that the United

States has an interest in protecting its employees from

retaliatory harassment motivated by conduct related to their

official capacities.

     This Court has subject matter jurisdiction over this case

and the United States has standing to bring this action against

the defendant.

**IV.   SUMMARY JUDGMENT**

  **A. Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish that a genuine issue exists for trial.  *See Id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

The Fifth Circuit has held that courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### B.    Discussion

Viewing the evidence in the light most favorable to Bellazerius, and drawing all inferences in his favor, the United States is entitled to judgment as a matter of law under Rule 56. The evidence offered by the government establishes that there is no genuine issue of material fact as to whether the documents in question were filed or sent by the defendant.  Further, the documents themselves demonstrate that any purported effect on the property of the named federal officials arises not out of any valid commercial obligation, but out of a desire to visit retribution on them for their involvement in his criminal prosecution and conviction.  Bellazerius has offered no evidence to contradict this conclusion or otherwise justify the documents. Neither federal nor state law provides that a citizen may file a lien on the property of a public official if the citizen believes that the official has not faithfully fulfilled his or her duties to the public.  *Barker,* 19 F. Supp. 2d at 1384.  Indeed, judges

and prosecutors are absolutely immune for actions taken in their official capacities under both state and federal law.  *See McKinley,* 53 F.3d at 1172.  Hence, their official conduct gives rise to no claims on which liens or other legal instruments filed by criminal defendants could be based.  Furthermore, it is also undisputed that Bellazerius attempted to communicate with Judge Feldman, in violation of both Judge Feldman's and Judge Lemelle's orders forbidding him to do so.

The power of a federal court to invalidate improper liens filed to intimidate, harass or extort federal officials is well-established.  *See Barker*, 19 F. Supp. 2d at 1383-84 (collecting cases in which courts have invalidated phony liens); *see also Bey*, 149 F.3d at 1185 (noting that a district court may grant declaratory and injunctive relief in such circumstances); 28 U.S.C. §§ 2201, 2202.  Accordingly, the Court may declare any liens, security agreements, or other documents purporting to affect or encumber the property rights of the named federal officials to be null, void, and of no legal effect.

Faced with continuous attempts at harassment, a court may also issue an injunction against further vexatious liens and court filings.  *See Barker*, 19 F. Supp. 2d at 1385 (enjoining the filing of baseless liens by the defendant or the recording of those liens by any state or federal court); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (holding that

"[t]he district court has the power under 28 U.S.C. § 1651(a) to

enjoin litigants who are abusing the court system by harassing

their opponents.") (citations omitted); *Villar v. Crowley*

*Maritime Corp.*, 990 F.2d 1489, 1499 (5th Cir. 1993) (stating that

"federal courts have the power to enjoin plaintiffs who abuse the

court system and harass their opponents"); *Newby v. Enron Corp.*,

302 F.3d 295, 301-03 (5th Cir. 2002) (upholding a district

court's decision to enjoin the plaintiffs' counsel from filing

future state court actions because their actions "constitute[d] a

sufficiently serious and systematic abuse of the courts.").

The actions taken by Bellazerius have imposed significant

costs in both time and expense to judicial personnel and

resources.  There is no reason to anticipate any interruption in

Bellazerius's activities.  Public officials subject to harassing

and malicious filings, such as those Bellazerius has filed in

this case cannot effectively perform their duties.  When the

actions of a litigant have the effect of disrupting the court's

operations, injunctive relief is proper:

> Federal courts have both the inherent power and the
> constitutional obligation to protect their
> jurisdiction from conduct which impairs their ability
> to carry out Article III functions.  If such power
> did not exist, or if its exercise were somehow
> dependent upon the actions of another branch of
> government or upon the entitlement of a private party
> to injunctive relief, the independence and
> constitutional role of the Article III courts would
> be endangered.

12

*In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).   Under

such circumstances, a federal court may issue a broad injunction

to prevent future harassment.   *Id.; see also Barker*, 19 F. Supp.

2d at 1385.   Accordingly, in addition to invalidating the

existing documents, the Court may enjoin the filing or

transmitting of any documents purporting to attach or otherwise

encumber any assets of any former or current federal official or

employee.   *Barker*, 19 F. Supp. 2d at 1385.

The United States of America has met the burden of showing

that there is no genuine issue of material fact.   Bellazerius has

not contested the government's version of the facts and has

sought dismissal of this suit through misguided procedural

measures.   In addition, Bellazerius has attempted to disrupt this

litigation by filing a spurious counterclaim.[1]   The United States

is therefore entitled to declaratory and injunctive relief.

---

[1] On July 10, 2006, Bellazerius sent a letter to the
chambers of the undersigned indicating his continued objection to
the subject matter jurisdiction of this Court.   Bellazerius
further stated his desire to increase the amount of his
counterclaim from $10,000,000 to $150,000,000.   As the document
was not properly filed with the Clerk of Court, the Court
disregards it.

13

## V. MOTION TO STRIKE

### A.    Legal Standard

Rule 12(f) proves that "the court may order stricken from any pleading...any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."  *Augustus v. Board of Pub. Instruction of Escambia Country,* 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. V. United States,* 201 F.2d 819,822 (6th Cir. 1953)); *see also Turner v. Ehticon Endo-Surgery, Inc.,* 2003 WL 22872103 (E.D. La. 2003) (noting that motions to strike are disfavored and courts grant them on an infrequent basis).  Accordingly, such a motion should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit."  *Johnson v. Harvey*, 1998 WL 596745, at *7 (E.D. La. 1998) (quoting *Veazie v. Southern Greyhound Lines*, 374 F. Supp. 811, 815 (E.D. La. 1994)). Immateriality is established by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation."  *Sadler v. Benson Motors Corp.*, 1997 WL 266735, at *1 (E.D. La. 1997) (quoting *Succession of Wardlaw v. Whitney Nat'l Bank*, 1994 WL 479183, at *1 (E.D. La. 1994)).  The court will not decide a disputed question of fact on a motion to strike.  *Succession of Wardlaw*, 1994 WL 479183 at *1 (citing

*Augustus*, 306 F.2d at 868).


   **B.    Analysis**

   Judge Lemelle's order of February 11, 2004 provides that no
further pleadings from Bellazerius shall be considered by the
district judge to whom the matter is allotted unless the pleading
is found to have merit.  The counterclaim filed by Bellazerius
asserts that, because the Court does not have subject matter
jurisdiction over this suit, he is entitled to damages for the
imposition of "involuntary servitude via malicious prosecution"
by the United States in this matter.  The Court has already ruled
that Bellazerius's arguments against subject matter jurisdiction
are without merit.  His malicious prosecution claim is equally
frivolous.

   First, the malicious prosecution claim is incoherent.
Second, in order to advance a claim for malicious prosecution, a
plaintiff typically must demonstrate the following elements:

   (1) the institution or continuation of a legal proceeding,
         either civil or criminal, or an administrative or
         disciplinary proceeding, against the plaintiff;

   (2) by, at the instance of, or abetted by, the defendant;

   (3) the termination of such prior proceeding in the
         plaintiff's favor;

(4) the absence of probable cause for institution of the

    prior proceeding;

(5) malice as a primary purpose for that proceeding; and

(6) some injury or damage to the plaintiff as a result of

    the prior proceeding.

*See* 7 AmJur Proof of Facts 2d 181, § 3 (2006).  It is clear that

Bellazerius's counterclaim does not meet most of these factors.

In particular, a claim for malicious prosecution requires the

initial suit to have been resolved in favor of the claimant.

This case had not been resolved at the time of the counterclaim.

Further, there was probable cause for the United States' case

against Bellazerius.  The counterclaim is immaterial to the

lawsuit, contains impertinent material, is frivolous, and is

ordered stricken.


**VII. CONCLUSION**

For the reasons stated above, IT IS ORDERED that the motion

for summary judgment by the United States be GRANTED.  IT IS

FURTHER ORDERED that the motion by the United States to strike

the defendant's counterclaim be GRANTED.

IT IS FURTHER ORDERED as follows:

(1) That all liens, affidavits or other instruments filed by

    defendant, his agents or anyone in concert with him, in any

state or federal court, or in the public records of any

state, county, parish or municipality, that purports to

attach, encumber, or otherwise affect the property or assets

of the Honorable Martin L.C. Feldman, the Honorable Ivan L.

R. Lemelle, former Assistant United States Attorney Gaynell

Williams, former United States Marshal Theophile Duroncelet,

or any current or former federal official are invalid, null,

void, and of no effect.

(2) That all such liens, affidavits or instruments be

expunged from the public record or that a copy of this Order

be filed with such liens or instruments to give notice of

their invalidity.  The United States Attorney's Office is

directed to forward a copy of this Order to all courts or

government agencies in which such liens, affidavits or

instruments are filed or recorded.  The United States

Attorney may petition this Court for an award of costs for

this procedure at the appropriate time.

(3)  That defendant and his agents or any other persons

acting in concert with him be permanently enjoined from

filing in any state or federal court, or in the public

records of any state, county, parish or municipality, any

lien, affidavit or instrument purporting to attach,

encumber, or otherwise affect the property or assets of the

Honorable Martin L.C. Feldman, the Honorable Ivan L. R.

17

Lemelle, former Assistant United States Attorney Gaynell

Williams, former United States Marshal Theophile Duroncelet,

or any current or former federal official, without prior

written authorization from this Court.  Violation of this

Order is grounds for the lien or instrument to be discarded

or otherwise expunged from the public records and will be

considered contempt of this Court.

(4)  That defendant and his agents or any other persons

acting in concert with him be permanently enjoined from

giving notice to any person, credit agency, corporation, or

other entity of the existence of any lien, affidavit or

instrument, whether filed or unfiled, purporting to attach,

encumber, or otherwise affect the property or assets of the

Honorable Martin L.C. Feldman, the Honorable Ivan L. R.

Lemelle, former Assistant United States Attorney Gaynell

Williams, former United States Marshal Theophile Duroncelet,

or any current or former federal official, without prior

written authorization from this Court.  Violation of this

Order will be considered contempt of this Court.

(5)  That defendant and his agents or any other persons

acting in concert with him be permanently enjoined from

communicating with or attempting to contact the Honorable

Martin L.C. Feldman, the Honorable Ivan L. R. Lemelle,

former Assistant United States Attorney Gaynell Williams, or

former United States Marshal Theophile Duroncelet, for any
reason, by any means, including, but not limited to,
motions, notices, letters, or copies of legal instruments.


New Orleans, Louisiana, this 12th day of September, 2006.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE